IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID M. KING,

      Plaintiff,

v.

FLORIDA DEPARTMENT OF       CASE NO: 4:08-cv-00515-SPM-WCS
ENVIRONMENTAL PROTECTION
and HENRY BARNET, individually,
GREGORY GIBSON, individually,
PINKY G. HALL, individually,
ROY C. DICKEY, individually,
and AMY M. SCHMIDT, individually,

      Defendants.

_____/

## MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW OF DEFENDANTS HENRY BARNET, GREGORY GIBSON, PINKY G. HALL, ROY C. DICKEY AND AMY M. SCHMIDT

Defendants, **HENRY BARNET** ("Barnet"), **GREGORY GIBSON** ("Gibson"), **PINKY G. HALL** ("Hall"), **ROY C. DICKEY** ("Dickey") and **AMY M. SCHMIDT** ("Schmidt") (collectively, the "Defendants"), by and through the undersigned counsel and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and *N.D. Fla. Loc. R.* 7.1, move to dismiss the Amended Complaint filed by Plaintiff, **DAVID M. KING** ("King" or "Plaintiff"). In support of the relief requested, Defendants would show the following:

I.     Procedural History and Nature of Plaintiff's Claims

    1.     At all times relevant to this action, Defendants Barnet, Gibson, Hall, Dickey and Schmidt were employees of the Florida Department of Environmental

1

Protection ("Department"). (Amended Complaint, ¶¶ 8-12). Barnet was and is the Director for the Department's Division of Law Enforcement. (Amended Complaint, ¶ 8). Gibson was the Assistant Bureau Chief and is currently the Assistant Director for the Department's Division of Law Enforcement. (Amended Complaint, ¶ 9). Pinky Hall was the Inspector General for the Department.[1] (Amended Complaint, ¶ 10). Dickey was and is supervising investigator with the Department's Office of Inspector General. (Amended Complaint, ¶ 11). Schmidt was and is an investigator with the Department's Office of Inspector General. (Amended Complaint, ¶ 12). Defendants Gibson, Hall, Dickey and Schmidt's job duties as employees of the Department did not include the hiring or firing of Department employees. (Amended Complaint, ¶¶ 128, 138).

    2.    Plaintiff was a Captain with the Department's Division of Law Enforcement until his termination on May 31, 2007, for improperly disclosing confidential employee data following an investigation by the Office of Inspector General. (Amended Complaint, ¶¶ 13, 36). Plaintiff successfully appealed his termination through the Public Employees Relations Commission ("PERC") and obtained an order reinstating him to his previous position within the Department. (Amended Complaint, ¶ 49).

    3.    Following the PERC appeal and reinstatement order, the Department's Office of Inspector General began investigating inactive complaints against Plaintiff for misconduct that occurred prior to his termination, including allegations that he was working at Wal-Mart while being paid by the Department[2] (an allegation, which if sustained, may have resulted in criminal charges), sexual and racial harassment, and promising employees jobs during the 2006 election campaign, apparently as a result of

---

[1] Defendant Hall is now retired from the Department.
[2] Commonly referred to as "double-dipping."

2

his expectation of being promoted. (Amended Complaint, ¶¶ 50-60; <u>see also</u> Exhibit PP to the Amended Complaint). These allegations of misconduct had not been previously investigated because of Plaintiff's termination on other grounds and were viewed by the Department as more severe than those allegations against him that resulted in his termination. (<u>See</u> Amended Complaint, ¶¶ 58-60; <u>see also</u> Exhibit PP to the Complaint). Plaintiff contends he gave up his right to reinstatement under the threat of criminal sanctions for the alleged "double-dipping" violation and for the alleged hostile work environment he predicted would exist had he returned to work. (Amended Complaint, ¶ 61).

4. Plaintiff filed an eight-count complaint against the Department and against the individual Defendants in their individual capacities.

### First Amendment Retaliation
### Counts I and II

5. Plaintiff attempts to allege retaliation claims in violation of the First Amendment to the United States Constitution against Defendants Barnet, Gibson, Hall, Dickey and Schmidt in their official and individual capacities for the right to "petition for redress of his grievances and right of access to courts" and "right to freedom of speech." (Amended Complaint, ¶¶ 87-107). These claims purportedly arise from the Defendants' investigations into Plaintiff's misconduct, allegedly in retaliation for Plaintiff's complaints of a so-called "false report of a crime,"[3] the decision to hire an employee Plaintiff apparently thought unqualified, and Plaintiff's appeal of his termination to PERC. (<u>E.g.</u> Amended Complaint, ¶ 94).

---

[3] Plaintiff disingenuously and dramatically contends that a phone call to the joint communications center by Elwood Stephens, a Division of Law Enforcement Supervisor, constituted a "false report of a crime," even though the call transcript clearly establishes Mr. Stephens identified it as a "test." (Exhibit B to the Amended Complaint).

### Whistle-Blower Retaliation
### Count III

6. Plaintiff alleges a violation of the Public Whistleblower Act against the Department on the grounds that he was retaliated against for allegedly protected whistle-blower disclosures. (Amended Complaint, ¶¶ 108-112). Plaintiff does not assert this claim against the individual Defendants, but, instead, only against the Department.

### Negligence
### Count IV

7. Plaintiff attempts to allege a negligence claim against the Department for an alleged breach of a purported duty to protect employees from negligent investigations. (Amended Complaint, ¶¶ 113-120). Plaintiff does not assert this claim against the individual Defendants, but, instead, only against the Department.

### Intentional Infliction of Emotional Distress
### Count V

8. Plaintiff attempts to allege a claim of intentional infliction of emotional distress against Defendants Barnet, Gibson, Dickey and Schmidt in their individual capacities. (Amended Complaint, ¶¶ 121-126). More specifically, Plaintiff alleges these Defendants engaged in a series of "malicious attacks," including obtaining an affidavit from a subordinate employee corroborating he was working full time while on administrative leave from the Department with pay and "threatening" him with criminal charges as a result. (Amended Complaint, ¶ 123).

### Tortious Interference with Business Relationships
### Counts VI and VII

9. Plaintiff attempts to state claims for tortious interference with contractual and business relationships against Defendants Hall, Dickey and Schmidt (Count VI) and Defendants Gibson, Hall, Dickey and Schmidt (Count VII) in their individual capacities.

4

(Amended Complaint, ¶¶ 127-147). More specifically, Plaintiff contends Defendants Dickey and Schmidt owed Plaintiff a duty to conduct an impartial investigation prior to reporting their findings to the hiring/firing authority, but failed to do so. (Amended Complaint, ¶ 131). Plaintiff alleges Defendant Hall supervised Dickey and Schmidt and "knew or should have known" Dickey and Schmidt were attempting to "improperly implicate Plaintiff." (Amended Complaint, ¶ 131(F)). Defendant Gibson is alleged to have delayed in conducting or ordering the investigation of Plaintiff for misconduct occurring prior to his termination. (Amended Complaint, ¶¶ 141, 142). Plaintiff contends these individual Defendants intentionally manipulated their investigation into Plaintiff's conduct with the ultimate purpose of interfering with Plaintiff's employment relationship with the Department. (Amended Complaint, ¶ 132).

## Civil Conspiracy
## Count VIII

10. Plaintiff attempts to state a claim against Defendants Barnet, Gibson, Hall, Dickey and Schmidt in their individual capacities for an alleged civil conspiracy as a result of the investigations into Plaintiff's misconduct. (Amended Complaint, ¶ 148-157). More specifically, Plaintiff contends these individual Defendants improperly investigated Plaintiff for reported misconduct in an attempt to somehow justify the results of the investigation leading to his termination. (Amended Complaint, ¶ 153). Notably absent from Plaintiff's allegations are how each individual Defendant acted in concert with one another to effectuate the so-called conspiracy. (*See* Amended Complaint).

II. **Bases for Dismissal Directed to Specific Counts and Demands for Relief**

11. Plaintiff has not and cannot under the facts alleged, state a claim for intentional infliction of emotional distress against the individual Defendants because the

5

alleged conduct upon which Plaintiff's claim is based does not, and cannot as a matter of law, meet the threshold of outrageous behavior required to state such a claim. Accordingly, the intentional infliction of emotional distress claim (Count V) should be dismissed with prejudice.

12. Plaintiff has not nor can he under the facts alleged, state a claim for tortious interference with his employment relationship based upon the official conduct of the individual Defendants, his co-workers, because they are not third parties to the employment relationship. Accordingly, Plaintiff's tortious interference claims (Counts VI and VII) should be dismissed with prejudice.

## **MEMORANDUM OF LAW**

### I. **Applicable Standard of Review - Motions to Dismiss**

"A motion to dismiss a complaint under *Federal Rule of Civil Procedure 12(b)(6)* tests the legal sufficiency of the complaint, not its substantive merits." *Pfeil v. Sprint Nextel Corp.*, 504 F. Supp. 2d 1273, 1275 (N.D. Fla. 2007) (citing *Milburn v. United States*, 734 F. 2d 762, 764-65 (11th Cir. 1984)). While a complaint need not contain "detailed factual allegations to withstand a 12(b)(6) motion," it "must allege facts sufficient 'to raise a right to relief above the speculative level.'" *Id.* (internal citations omitted); *see also, Ellen S. v. Florida Board of Bar Examiners*, 859 F. Supp. 1489, 1492 (S.D. Fla. 1992) (stating that notwithstanding the standard to be applied in adjudicating a motion to dismiss, a district court need not accept factual claims that are internally inconsistent, facts which run counter to facts of which the court can take judicial notice, conclusory allegations, unwarranted deductions or mere legal conclusions asserted by a party). "'[C]onclusory allegations without notice of the factual grounds on which they

6

purport to be based' will not withstand dismissal." *Pfeil, supra* at 1275. Nor may a plaintiff "merely 'label' claims to survive a motion to dismiss." *Olmstead v. Defosset*, 205 F. Supp. 2d 1316, 1319 (M.D. Fla. 2002). Further, a motion to dismiss under 12(b)(6), "necessarily implicates an analysis of the complaint under *Federal Rule of Civil Procedure 8(a)* to determine whether the complaint's allegations constitute a claim for relief." *Pfeil*, 504 F. Supp. 2d at 1275. Finally, "[w]hen, on the basis of a dispositive issue of law, no construction of the factual allegation will support the cause of action, dismissal of the complaint is appropriate." *Olmstead*, 205 F. Supp. 2d at 1319. (citing *Executive 100, Inc., v. Martin County*, 922 F. 2d 1536, 1538 (11th Cir. 1991), cert. denied, 502 U.S. 810, 112 S. Ct. 55 (1991)).

II.  **Argument and Authority – Bases for Dismissal Directed to Specific Counts and Demands for Relief**

A.  **Plaintiff is Unable to State a Claim for Intentional Infliction of Emotional Distress (Count V)**

In Count V of the Complaint, Plaintiff attempts to state a claim for the intentional infliction of emotional distress. In order to state a claim for the intentional infliction of emotional distress, the Plaintiff must allege:

1) The conduct was intentional or reckless;
2) The conduct was outrageous;
3) The conduct caused emotional distress; and
4) The emotional distress was severe.

*De La Campa v. Grifols*, 819 So. 2d 940, 943 (Fla. 3d DCA 2002). The issue of whether a plaintiff has met pleading requirements for a claim of intentional infliction of emotional distress is a question for the trial court to decide as a matter of law. *Johnson v. Thigpen*, 788 So. 2d 410, 413 (Fla. 1st DCA 2001); *Scheller v. American Med. Int'l, Inc.*, 502 So. 2d 1268, 1271 (Fla. 4th DCA 1987).

The alleged conduct upon which Plaintiff's intentional infliction of emotional distress claim is based does not, and cannot as a matter of law, meet the threshold of outrageous behavior required to state such a claim. The Florida Supreme Court has aptly defined outrageous conduct sufficient to establish a claim for intentional infliction of emotional distress:

> It has not been enough that the defendant has acted with an intention which tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'

*Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277, 78-9 (Fla. 1985).

Florida courts have been reluctant to find claims for intentional infliction of emotional distress based solely on allegations of verbal abuse. *De La Campa*, 819 So. 2d at 943-44. Objectionable, offensive and even reprehensible conduct may not be sufficient to establish an intentional infliction claim. *Williams v. Worldwide Flight Svc. Inc.*, 877 So. 2d 869 (Fla. 3d DCA 2004). Liability does not extend to insults, indignities, threats, or even false accusations. *Id*. at 870 (emphasis added). (Dismissal of the complaint for failure to state a claim was affirmed where an African-American plaintiff was subjected to racist pejoratives and a false disciplinary record to justify his termination). *See also*, *Scheller*, 502 So. 2d 1268 (Intentional infliction of emotional distress claim dismissed where plaintiff alleged, among other things, intentional falsification of documents, attempts to bribe witnesses, ostracizing plaintiff and falsely accusing him of theft.)

8

(emphasis added); <u>Lay v. Roux Laboratories, Inc.</u>, 379 So. 2d 451 (Fla. 1st DCA 1980) (Dismissal of intentional infliction of emotional distress claim affirmed because threats to plaintiff regarding the loss of her job, use of humiliating language, vicious verbal attacks, racial epithets... although reprehensible, does not reach the level of outrageousness and atrociousness to state a claim).

Plaintiff here merely alleges a series of "malicious attacks" against him, including investigations into his alleged misconduct, an investigation into his dual employment and threat of criminal charges for working elsewhere while on paid administrative leave from the Department.[4] Even if true, such alleged conduct is insufficient as a matter of law to satisfy the threshold requirement for outrageous conduct, and therefore this claim should be dismissed with prejudice against all individual Defendants.

**B.     Plaintiff is Unable to State a Claim for Tortious Interference with Contractual or Employment Business Relations**

In Counts VI and VII of the Complaint, Plaintiff attempts to state claims against the individual Defendants, acting pursuant to their official duties as Department employees, for their alleged tortious interference with his employment relationship with the Department of Environmental Protection. (<u>See</u>, Amended Complaint, ¶¶ 129, 130, 139, 140, 143). Thus, Plaintiff has conceded, as he must, that the Defendants' alleged actions were part of their duties as employees of the Department and that they were in the course and scope of their positions as Department managers and investigators. (E.g.

---

[4] Plaintiff, an experienced law enforcement officer and manager, is presumably well aware that he could not be arrested for or charged with a crime without probable cause, that such probable cause would be subject to judicial review and that he would be entitled to defend himself in court against any charges arising from the "double dipping" investigation. Accordingly, his claim that the Department's threats of criminal charges were "outrageous" enough to constitute intentional infliction of emotional distress is disingenuous at best.

9

Amended Complaint, ¶¶129, 139). Additionally, the Amended Complaint does not allege that the investigations into Plaintiff's misconduct were unauthorized. Instead, Plaintiff alleges the investigations were brought with the full knowledge and at the direction of Department managers, up to and including Director Barnet.

In order to state a claim for tortious interference with a business relationship, Plaintiff must allege:

1) The existence of a business relationship;
2) Knowledge of the relationship on the part of the defendant;
3) An intentional and unjustified interference with that relationship by the defendant; and
4) Damage to the plaintiff as a result of the breach of the relationship.

<u>Nowik v. Mazda Motors of America (East) Inc.</u>, 523 So. 2d 769 (Fla. 1st DCA 1988). Additionally, Plaintiff must also allege that a <u>third-party</u> interfered with the relationship by influencing, inducing or coercing one of the parties to breach the relationship thereby causing injury to the other party. <u>E.g., Abruzzo v. Haller</u>, 603 So. 2d 1338, 1339-40 (Fla. 1st DCA 1992). "An agent of a corporate party to a contract, acting within his capacity and scope as an agent <u>cannot be considered to be a separate entity outside of the [employment] relationship which can tortiously interfere with that relationship</u>." <u>Id</u>. (emphasis added). Thus, whether a cause of action has been stated against the individual Defendants depends on whether they may be considered parties to Plaintiff's employment relationship with the Department. <u>West v. Troelstrup</u>, 367 So. 2d 253, 255 (Fla. 1st DCA 1979).

Obviously, an entity such as the Department must act through its employees; it is incapable of acting otherwise. <u>See Id</u>. As such, those employees through which the Department acts <u>must</u> be considered parties to Plaintiff's employment relationship with the Department. <u>Id</u>. Plaintiff's allegations that the individual Defendants acted willfully

10

and with malice do not transform them into third parties for the purposes of these claims. <u>Muller v. Stromberg Carlson Corp.</u>, 427 So. 2d 266, 271 (Fla. 2d DCA 1983). It is also disingenuous if not frivolous to allege that the Department initiated and authorized investigations into Plaintiff's misconduct were somehow outside the course and scope of the Defendants' agency relationship with the Department.

Defendants anticipate Plaintiff will argue that the individual Defendants were acting in their individual capacity, and therefore were not acting within their scope of their employment. (Plaintiff's Response to Individual Defendants' Motion to Dismiss). However, his reliance on this argument is misplaced. But for Defendants' official positions, they could not have engaged in the alleged conduct, and therefore by definition, their conduct occurred within the course and scope of their employment as agents of the Department. Similarly, Defendants anticipate Plaintiff will rely on his reference to the Tallahassee Police Department to satisfy the third-party requirement. (Plaintiff's Response to Individual Defendants' Motion to Dismiss). While this may serve as a basis to state a claim against the Tallahassee Police Department, mere contact with a third party does not transform the Defendants into third-party actors for this analysis. Indeed, Plaintiff has not cited any authority for these propositions.

Because Plaintiff's tortious interference claims are based solely on the conduct of Department employees acting pursuant to their official duties, he has not, nor can he state a claim for tortious interference with his employment relationship with the Department. Accordingly, Plaintiff's tortious interference claims (Counts VI and VII) should be dismissed with prejudice.

Respectfully submitted this 20th day of January, 2009.

/s/ Robert J. Sniffen
**ROBERT J. SNIFFEN**
Florida Bar Number: 0000795
**SNIFFEN LAW FIRM, P.A.**
211 East Call Street
Tallahassee, Florida 32301
E-mail Address: rsniffen@sniffenlaw.com
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

/s/ J. David Marsey
**J. DAVID MARSEY**
Florida Bar Number: 0010212
**SNIFFEN LAW FIRM, P.A.**
211 East Call Street
Tallahassee, Florida 32301
E-mail Address: dmarsey@sniffenlaw.com
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

**Counsel for Defendants Henry Barnet, Gregory Gibson, Pinky G. Hall, Roy C. Dickey and Amy M. Schmidt**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of January, 2009, the foregoing was electronically filed in the United States District Court for the Northern District of Florida, Tallahassee Division, by using the CM/ECF system which will send a notice of electronic filing to **Danielle Joyner Kelley, Esquire,** *Counsel for Plaintiff,* Law Offices of Danielle Joyner Kelley, P.A., 6753 Thomasville, Rd. Suite 108-310, Tallahassee, Florida 32312; and **William T. Jackson, Esquire,** *Counsel for Defendant, DEP,* Dennis, Jackson, Martin & Fontela, P.A., 1591 Summit Lake Drive, Suite 200, Tallahassee, Florida 32317-7943.

/s/ J. David Marsey
**J. DAVID MARSEY**